UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| HELEN TAYLOR | § | |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-729 |
| | § | |
| 99 CENTS ONLY STORES, LLC; | § | |
| 99 CENTS ONLY STORES TEXAS, INC. | § | |
| AND JOHN DOE | § | |
|     *Defendants* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, 99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC., Defendants and file this its Notice of Removal pursuant to 28USC §Section 1446(a), and hereby removes this case from the 269th Judicial District Court in Harris County, Texas to the United States District for the Southern District of Texas.

Defendant has denied the claims and damages alleged in Plaintiff's Original Petition and files this notice without waving any claims, defenses, exceptions or obligations that may exist in its favor in State or Federal Court.

I.
## INTRODUCTION

99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC., Defendants, are the Defendants in a civil action commenced on January 17, 2020, in the 269th District Court in Harris County, Texas titled Helen Taylor vs. 99 Cents Only Stores, LLC; 99 Cents Only Stores

1

Texas, Inc. and John Doe, Cause No. 2020-03179 (hereinafter referred to as the State Court Action).

Pursuant to the local rules of the Southern District of Texas copies of all pleadings and orders served in the State Court are attached along with the index of the State Court documents. The address for the Judicial District Court is Harris County Civil Courthouse, 201 Caroline Street, Houston, Texas 77002.

Plaintiff in the State Court Action is Helen Taylor and her attorneys are Omar Khawaja, Texas Bar No. is 27072181 and Charlie C. Gustin, Texas Bar No. is 27078605 , THE LAW OFFICES OF OMAR KHAWAJA, PLLC. Their address is 5959 West Loop South, Suite 420, Bellaire, Texas 77401, Tel. 281/888-2339, Email: Omar@AttorneyOmar.com and Charlie@AttorneyOmar.com.

99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC., Defendants are represented by Michael J. Griffin, III, Griffin & Griffin, 3003 South Loop West, Suite 206, Houston, Texas 77054, Tel. 713/228-6568, Email: Michael@griffinandgriffin.us.

The only other party to this Civil Action is "JOHN DOE".

II.
## BASIS FOR REMOVAL

Defendants have filed an Answer in the State District Court action.

The lawsuit was filed in Harris County on January 17, 2020 and

2

Defendant was served on February 6, 2020. This notice of removal is filed within thirty (30) days of the receipt of the Citation and Petition and is timely filed pursuant to 28 U.S.C. §Section 1446(b).

### A. Diversity of Citizenship

1. The District Courts of the United States have original jurisdiction of this action based on Diversity of Citizenship among the parties, in that every Defendant is now and was at the time the action was filed, diverse in citizenship from the Plaintiff. Defendants are not now nor were at the time this suit filed was citizens of the State of Texas.

2. As stated in Plaintiff's Original Petition, Plaintiff is a Texas resident and Defendants are foreign corporations doing business in Texas. Defendant, 99 CENTS ONLY STORES, LLC; is a California Corporation, 99 CENTS ONLY STORES TEXAS, INC. is a Delaware Corporation. As such Defendants now and at the time this lawsuit was commenced were citizens of a state other than Texas.

### B. Amount in Controversy in this action

1.    Exclusive of interests and costs the amount in controversy exceeds the sum of $75,000.00. As reflected in Plaintiff's Original Petition filed in State Court, Plaintiff's claims are said to be more than $1,000,000.00.

Removal of the State Court Action is proper pursuant to 28 U.S.C. §Section 1441 since it is a Civil Action brought in the State Court and the

3

Federal District Court has original jurisdiction over the subject matter under 28 U.S.C. §Section 1332(a) as Plaintiff and Defendants are diverse in citizenship.

Defendant, JOHN DOE.

Plaintiff has also sued JOHN DOE who she alleges to be the store manager. In her Petition Plaintiff alleges she was injured when a closing automatic door knocked her to the ground. In this premises liability case the store manager would not owe the Plaintiff any duty individually or distinct from the duties owed by the Defendants, 99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC. It is presumed John Doe is merely lumped in this matter in an attempt to avoid diversity jurisdiction. This is a premises liability case and is not based on any breach of any independent duty of the store manager.

WHEREFORE PREMISES CONSIDERED Defendant respectfully prays that the Court, pursuant to the statutes and in conformity with the requirements set forth in 28 U.S.C. §Section 1446, remove this action from the 113th District Court in Harris County, Texas to this Honorable Court in the Southern District of Texas.

Respectfully submitted,

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN III
Michael@griffinandgriffin.us
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**
3003 South Loop West, Suite 206
Houston, Texas 77054-1372
((713) 228-6568 Tel.
(713) 228-9900 Fax.
E-service: eservice@griffinandgriffin.us

**ATTORNEY FOR DEFENDANTS**
**99 CENTS ONLY STORES, LLC; 99**
**CENTS ONLY STORES TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, e-service, e-mail, facsimile transmission, and/or hand delivered by messenger, on this the 28th day of February 2020, in compliance with Tex.R.Civ.P. 21:

**Via Facsimile 713/969-4837**
Omar Khawaja
Charlie C. Gustin
THE LAW OFFICES OF OMAR KHAWAJA, PLLC
5959 West Loop South, Suite 420
Bellaire, Texas 77401

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

| | |
|---|---|
| HELEN TAYLOR<br>　　　*Plaintiff*<br><br>VS.<br><br>99 CENTS ONLY STORES, LLC;<br>99 CENTS ONLY STORES TEXAS, INC.<br>AND JOHN DOE<br>　　　*Defendants* | §<br>§<br>§<br>§　CIVIL ACTION NO. 4:20-CV-729<br>§<br>§<br>§<br>§<br>§ |

## **CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. Civ. P.7.1 and LR 3.1©, LR 3.2€, LR 7.4, LR 81.1(a)(4)(D), and LR 81.2, Defendants, 99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC. provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock: 99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC. – Defendants, Michael J. Griffin, III – Defendant's Attorney;

HELEN TAYLOR – Plaintiff, Omar Khawaja and Charlie C. Gustin–

Plaintiffs' Attorneys.

Respectfully submitted,

*Michael J. Griffin /s/*

MICHAEL J. GRIFFIN III
Michael@griffinandgriffin.us
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**
3003 South Loop West, Suite 206
Houston, Texas 77054-1372
((713) 228-6568 Tel.
(713) 228-9900 Fax.
E-service: eservice@griffinandgriffin.us

**ATTORNEY FOR DEFENDANTS**
**99 CENTS ONLY STORES, LLC;**
**99 CENTS ONLY STORES TEXAS,**
**INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties of record and or Counsel via facsimile, regular mail, or email on this the 28th day of February 2020 in compliance with Tex.R.Civ.P. 21.

**Via Facsimile 713/969-4837**
Omar Khawaja
Charlie C. Gustin
THE LAW OFFICES OF OMAR KHAWAJA, PLLC
5959 West Loop South, Suite 420
Bellaire, Texas 77401

Date: 02/26/2020

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| HELEN TAYLOR | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-729 |
| | § | |
| 99 CENTS ONLY STORES, LLC; | § | |
| 99 CENTS ONLY STORES TEXAS, INC. | § | |
| AND JOHN DOE | § | |
| *Defendants* | § | |

## **LIST OF COUNSEL OF RECORD**

Plaintiff in the State Court Action is Helen Taylor and her attorneys are Omar Khawaja, Texas Bar No. is 27072181 and Charlie C. Gustin, Texas Bar No. is 27078605 , THE LAW OFFICES OF OMAR KHAWAJA, PLLC. Their address is 5959 West Loop South, Suite 420, Bellaire, Texas 77401, Tel. 281/888-2339, Email: Omar@AttorneyOmar.com and Charlie@AttorneyOmar.com.

Defendant, 99 CENTS ONLY STORES, LLC; 99 CENTS ONLY STORES TEXAS, INC. are represented by Michael J. Griffin, III, SBN: 08463020, GRIFFIN & GRIFFIN, 3003 South Loop West, Suite 206, Houston, Texas 77054, Tel. 713/228-6568, Fax. 713/228-9900, Michael@griffinandgriffin.us.

Respectfully submitted,

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN III
Michael@griffinandgriffin.us
SBN: 08463020
FEDERAL I.D. NO. 9661
**GRIFFIN & GRIFFIN**
3003 South Loop West, Suite 206
Houston, Texas 77054-1372
((713) 228-6568 Tel.
(713) 228-9900 Fax.
E-service: eservice@griffinandgriffin.us

**ATTORNEY FOR DEFENDANTS
99 CENTS ONLY STORES, LLC;
99 CENTS ONLY STORES TEXAS,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties of record and or Counsel via facsimile, regular mail, or email on this the 28th day of February 2020 in compliance with Tex.R.Civ.P. 21.

**Via Facsimile 713/969-4837**
Omar Khawaja
Charlie C. Gustin
THE LAW OFFICES OF OMAR KHAWAJA, PLLC
5959 West Loop South, Suite 420
Bellaire, Texas 77401

Date: 02/26/2020

*Michael J. Griffin /s/*

_____

MICHAEL J. GRIFFIN, III

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| HELEN TAYLOR | § | |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-729 |
| | § | |
| 99 CENTS ONLY STORES, LLC; | § | |
| 99 CENTS ONLY STORES TEXAS, INC. | § | |
| AND JOHN DOE | § | |
|     *Defendants* | § | |

## **INDEX OF DOCUMENTS TO BE FILED WITH NOTICE OF REMOVAL**

1.     Plaintiff's Original Petition filed on January 17, 2020 in Cause No. 2020-03179;

2.     Citation and Notice of Service of Process on 99 Only Store in Cause No. 2020-03179;

3.     Service of Process Transmittal showing service of process by personal service on February 6, 2020;

4.     Defendant's Original Answer filed on February 19, 2020;

5.     Defendant's Notice of Removal.

CAUSE NO. _____

| | | |
|---|---|---|
| HELEN TAYLOR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | |
| 99 CENTS ONLY STORES, LLC; | § | |
| 99 CENTS ONLY STORES TEXAS, INC.; | § | |
| and | § | |
| JOHN DOE | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES Plaintiff, HELEN TAYLOR, complaining of Defendants 99 CENTS

ONLY STORES, LLC ("99 CENTS"), 99 CENTS ONLY STORES TEXAS, INC. ("99 CENTS

TEXAS") and JOHN DOE ( "MANAGER") as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

2.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES

3.      Plaintiff HELEN TAYLOR is an individual who is a resident of Harris County,

Texas.

4.      99 CENTS ONLY STORES, LLC, is a foreign corporation doing business in the state

of Texas.  It may be served with process through its registered agent, CT Corporation System, at

1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service may be completed by certified mail,

return receipt requested.  To the extent the above-named Defendant is conducting business pursuant

to a trade name or assumed name, then suit is brought against them pursuant to Rule 28 of the Texas

Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, the Defendant

answer in its correct legal name(s) and assumed name(s).

1

5.      99 CENTS ONLY STORES TEXAS, LLC, is a foreign corporation doing business in the state of Texas. It may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service may be completed by certified mail, return receipt requested. To the extent the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, the Defendant answer in its correct legal name(s) and assumed name(s).

6.      JOHN DOE ("MANAGER") is an individual who resides in the state of Texas. While his full identity is currently unknown, he is identified by the first initial "S" and 99 CENTS employee ID number 310107. He may be served with process once he is fully identified and located.

### III.
### JURISDICTION

7.      This Court has jurisdiction, pursuant to TEX. GOV'T CODE § 24.007, and the Plaintiff's demands are within the jurisdictional limits of the District Court, Harris County, Texas.

### IV.
### VENUE

8.      This premises liability occurred in Harris County, Texas. Therefore, venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events giving rise to the claim occurred in Harris County.

### V.
### FACTUAL BACKGROUND

9.      Defendants 99 CENTS and 99 CENTS TEXAS own and operate the 99 CENTS ONLY Store #2804 ("Keith Harrow store"), located at 4980 N. Highway 6, Houston, Texas 77084. At all times material, Defendants have maintained care and control over the premises while extending an open invitation to the public to enter to the premises through the front doors.

2

10. On or about February 19, 2018, Plaintiff HELEN TAYLOR, entered the commercial premises owned by Defendants. Plaintiff's purpose for being on the premises at the time was to make purchases. Consequently, Plaintiff was an invitee to whom Defendants owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

11. Defendants, their agents, servants and employees (specifically including Defendant JOHN DOE) negligently allowed the premises to become unsafe and dangerous, negligently or willfully permitted such condition to exist, negligently or willfully failed to make the condition safe for Plaintiff, and/or negligently or willfully failed to warn Plaintiff of the condition of the property, despite the fact that Defendants, their agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the dangerous conditions and that there was a likelihood of someone being injured as happened to the Plaintiff.

12. While upon the Defendants' premises, Plaintiff suffered serious bodily injuries as a direct result of the dangerous conditions of Defendants' property, which Defendants, their agents, servants and employees including Defendant JOHN DOE knew or, in the exercise of ordinary care, should have known existed. Specifically, Plaintiff was injured as a result of an improperly maintained and dangerous automatic sliding glass door. Suddenly and without warning, Plaintiff was forcibly knocked to the ground by the closing automatic door. Then the automatic door attempted to close on Plaintiff multiple times. Due to the impact, Plaintiff sustained serious and long-term injuries including two broken bones in her left foot.

## VI.
## CAUSE OF ACTION – PREMISES LIABILITY

13. Paragraphs 1-12 are incorporated herein by reference.

14. The incident that forms the basis of this lawsuit occurred in an area open to the

3

public and under the control of Defendants.

15.     As a regular part of its business operations, Defendants extend an open invitation for persons, like Plaintiff, to enter its premises for business activities.

16.     Plaintiff was participating in business activities on Defendants' premises at the time of the incident, and therefore, was an invitee at the time the injury occurred.

17.     Defendants maintained possession and control of the premises, including all public areas such as entrance door and parking lot, and undertook to maintain the premises for the use and enjoyment of its invitees, including Plaintiff.

18.     Because Plaintiff was an invitee, Defendants owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, to inspect the premises to discover latent defects, and make safe any defects or give adequate warning of any dangers.

19.     Defendants' conduct, and that of its agents, servants, and employees including Defendant JOHN DOE, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff.  On the occasion in question, Defendants, individually and by and through its agents, employees, and/or servants, maintained a dangerous condition on the premises.  Specifically, there was an unreasonable hazard posed by an improperly maintained automatic sliding glass door.  The hazardous nature of this condition was hidden to invitees, like Plaintiff, who conduct business on Defendants' premises.  This hazardous condition posed an unreasonable risk of harm to Plaintiff.

20.     Defendants further knew or should have known of the unreasonable risk of harm posed by the condition of their premises, but failed to make the condition reasonably safe or to warn Plaintiff of the danger.  Plaintiff had no knowledge of the dangerous condition. Defendants knew or, in the exercise of reasonable care, should have known that exposing the public to hazards posed by

4

the unsecured and improperly maintained heavy metal gate, as well as failing to remedy or warn Plaintiff of the hazard posed an unreasonable risk of harm to invitees such as Plaintiff, who would use the premises without knowing of the danger.

21.     As a result of Defendants' breach of duty, Plaintiff was injured by the hazardous condition, which resulted in personal injuries and damages to her.

## VII.
## DAMAGES

22.     As a direct result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries and to incur the following damages:

a.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering in the future;

e.     Physical impairment in the past;

f.     Physical impairment which, in all probability, will be suffered in the future;

g.     Disfigurement in the past;

h.     Disfigurement which, in all probability, will be suffered in the future;

i.     Mental anguish in the past;

j.     Mental anguish in the future;

k.     Loss of consortium;

l.     Lost earnings;

m.     Loss of future earning capacity; and

n.      Any other relief to which Plaintiff may be entitled.

23.     Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $1,000,000.00.

## VIII.
## REQUESTS FOR DISCLOSURE

24.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose within 50 days after service of process, the information or material described in Rule 194.2, including all subparts.  ***Defendant is specifically directed to disclose material responsive to Texas Rule 194.2(g), "any indemnity and insuring agreements described in Rule 192.3(h)."***

## IX.
## RULE 193.7 NOTICE

25.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby files this Notice of Intention to Use Production Documents at Trial.  Plaintiff hereby gives notice to all parties that they intend to use at trial, or at any pre-trial proceedings, all documents produced by Defendant in response to discovery from any parties in this case.

## X.
## NOTICE TO PRESERVE EVIDENCE

26.     Defendant is hereby put on notice to preserve any and all potentially relevant evidence in this matter, including but not limited to: all records and information that relate to this case or claim; all relevant video tapes (security video included); photographs; witness statements; emails; text messages; reports; invoices; any and all records relating to maintenance of the parking lot; all records related to the parking lot; all records that relate to other injuries or "slip and fall" incidents in the subject parking lot.

6

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff HELEN TAYLOR respectfully prays that Defendants 99 CENTS, 99 CENTS TEXAS, and JOHN DOE be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of the injury through the date of the judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, and any such other relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

Omar Khawaja
Texas Bar. No. 24072181
Email: Omar@AttorneyOmar.com
Charlie C. Gustin
Texas Bar No. 24078605
Email: Charlie@AttorneyOmar.com
THE LAW OFFICES OF OMAR KHAWAJA, PLLC
5959 West Loop South, Suite 420
Bellaire, Texas 77401
Tel. (281)888-2339
Fax (713) 969-4837

**ATTORNEYS FOR PLAINTIFF**

7

RECEIPT NUMBER _____ 0.00

TRACKING NUMBER _____ 73716277 CIV

**CAUSE NUMBER** 202003179

| | |
|---|---|
| PLAINTIFF: TAYLOR, HELEN | In The 269th |
| vs. | Judicial District Court of |
| DEFENDANT: 99 CENTS ONLY STORES LLC | Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: 99 CENTS ONLY STORES LLC (FOREIGN CORPORATION) MAY BE SERVED
THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900 DALLAS TX 75201

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>.

This instrument was filed on the ___17th___ day of ___January___, 20___20___, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED:** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___23rd___ day of
___January___, 20___20___.

Issued at request of:
GUSTIN, CHARLIE
5959 WEST LOOP SOUTH, SUITE
420
BELLAIRE, TX 77041
TEL: (281) 888-2339
Bar Number: 24078605

**MARILYN BURGESS**, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: MOMON, RHONDA HMP//11422559

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M.. endorsed

the date of delivery thereon, and executed it at _____,

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___.M..

by delivering to _____, by delivering to its

_____. in person, whose name is _____.

a true copy of this citation, with a copy of the _____ Petition attached.

and with accompanying copies of _____

I certify that the facts stated in this return are true by my signature below on the ___ ___ day of _____, 20___.

FEE: $_____         By: _____

Printed Name: _____

As Deputy for: _____

_____
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P

**\*73716277\***

**Service of Process
Transmittal**
02/06/2020
CT Log Number 537137183

TO:     Evelynn Romero
        99 Cents Only Stores
        4000 Union Pacific Ave
        Commerce, CA 90023-3202

RE:     **Process Served in Texas**

FOR:    99 Cents Only Stores LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HELEN TAYLOR, Pltf. vs. 99 CENTS ONLY STORES, LLC. et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Proof, Attachment(s) |
| **COURT/AGENCY:** | HARRIS COUNTY - DISTRICT COURT, TX<br>Case # 202003179 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/19/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/06/2020 at 10:10 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Omar Khawaja<br>The Law Offices of Omar Khawaja, PLLC<br>5959 West Loop South, Suite 420<br>Bellaire, TX 77401<br>(281)888-2339 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780104208227<br><br>Image SOP<br><br>Email Notification,  Evelynn Romero  evelynn.romero@99only.com<br><br>Email Notification,  Mary Kasper  mary.kasper@99only.com<br><br>Email Notification,  Mary Kay Delgado  marykay.delgado@99only.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NO. 2020-03179

| | | |
|---|---|---|
| HELEN TAYLOR | § | IN THE DISTRICT COURT |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| 99 CENTS ONLY STORES, LLC; | § | |
| 99 CENTS ONLY STORES | § | |
| TEXAS, INC. AND JOHN DOE | § | |
|     *Defendants* | § | 269TH JUDICIAL DISTRICT |

## <u>DEFENDANTS ORIGINAL ANSWER, DEMAND FOR JURY TRIAL AND REQUEST FOR DISCLOSURE TO PLAINTIFF</u>

COMES NOW, 99 CENTS ONLY STORES, LLC, 99 CENTS ONLY STORES TEXAS, INC. AND JOHN DOE, Defendants in the above-entitled and numbered cause and in answer to Plaintiff's Petition would respectfully show unto the Court as follows:

I.

Defendants generally denies the allegations of the Petition and thus asserting the privilege of having such allegations proved by a preponderance of the evidence. Defendants will amend their answer as necessary.

Defendants are alleging contributory negligence on the part of the Plaintiff and unavoidable accident.

II.

99 CENTS ONLY STORES, LLC, 99 CENTS ONLY STORES TEXAS, INC. AND JOHN DOE, hereinafter referred to as Defendants, in this cause

demands trial by jury pursuant to Rule 216, Texas Rules of Civil Procedure, and tenders the required fee.

III.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure you are requested to disclose within 32-days the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that petitioner take nothing by reason of this suit, that the Defendants be discharged and that they go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which they may show themselves be justly entitled.

Respectfully submitted,

**GRIFFIN & GRIFFIN**

MICHAEL J. GRIFFIN III
SBN: 08463020
Michael@griffinandgriffin.us
MARILYN O. GRIFFIN
SBN: 08463020
Marilyn@griffinandgriffin.us
3003 South Loop West, Suite 206
Houston, Texas 77054-1372
(713) 228-6568 Tel.
(713) 228-9900 Fax.
**ATTORNEYS FOR DEFENDANTS
99 CENTS ONLY STORES, LLC,
99 CENTS ONLY STORES TEXAS,
INC. AND JOHN DOE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record by certified mail, return receipt requested, by facsimile, and/or hand delivered by messenger, on this the 11th day of February 2020, in compliance with Tex.R.Civ.P. 21:

**Via Facsimile 713/969-4837**
Omar Khawaja
Charlie C. Gustin
THE LAW OFFICES OF OMAR KHAWAJA, PLLC
5959 West Loop South, Suite 420
Bellaire, Texas 77401

MICHAEL J. GRIFFIN III
MARILYN O. GRIFFIN